IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERTO PEREZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. H-16-0306 |
| v. | § | |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state inmate proceeding *pro se*, filed this section 1983 lawsuit against nine prison officers for the alleged violation of his constitutional rights. Five of the defendant officers – Christopher LaCox, Arij Ramadan, Amber Taylor, James McClellan, and Jim Pitcock – filed a motion for partial summary judgment (Docket Entry No. 26), to which plaintiff filed a response in opposition (Docket Entry No. 42).

Having carefully considered the motion, the response, the probative summary judgment evidence, the record, and the applicable law, the Court **GRANTS** the motion for partial summary judgment, as follows.

**I. Background and Claims**

For purposes of the pending motion, plaintiff alleges that warden Christopher LaCox ("LaCox") and correctional officers Arij Ramadan ("Ramadan"), Amber Taylor ("Taylor"), James McClellan ("McClellan"), and Jim Pitcock ("Pitcock"), violated his civil rights at the

Estelle Unit on June 30, 2015. He claims that on that date, during a temporary two-day assignment to the Estelle Unit from the Coffield Unit, he was subjected to an unreasonable use of force by defendants Ramadan, Taylor, McClellan, and Pitcock. He asserts that the water in his shower had been too hot, and that Ramadan and Taylor refused to lower the temperature. The officers ordered plaintiff to exit the shower, but he refused and demanded that a ranking officer be called to the scene. The parties dispute how it occurred, but Ramadan sustained a scratch along her arm. Defendants Pitcock and McClellan arrived to restrain plaintiff and return him to his cell. Plaintiff claims that Pitcock, McClellan, Taylor, and Ramadan physically assaulted him without provocation during the return to his cell, causing him serious injury. The defendants allege that their conduct was a reasonable use of force necessitated by plaintiff's attempts to break away from the group. A video camera team was called to tape the use of force, but it was only able to record the end of the incident and plaintiff's ensuing cell-side medical examination. Plaintiff was transferred back to the Coffield Unit the next day.

In this lawsuit, plaintiff complains of use of excessive force, criminal conspiracy, violations of his First Amendment rights, denial of medical care following the incident and, as to LaCox, failure to supervise and investigate. Defendants seek summary judgment as to all of plaintiff's claims except his claim for use of excessive force.

## II. Summary Judgment Standards

Summary judgment should be granted when the moving party conclusively establishes that there is no genuine issue of material fact. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). There is no issue for resolution at trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party may satisfy its burden by negating the existence of an essential element of the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325. Alternatively, if the moving party will not bear the burden of proof at trial on a particular issue, it may meet its initial burden by pointing out the absence of evidence supporting that element of the nonmoving party's case. *Id.*; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996); *Transamerica Ins. Co. v. Avenall*, 66 F.3d 715, 718–719 (5th Cir. 1995).

Once the moving party has carried its burden, the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Exxon Corp. v. Baton Rouge Oil*, 77 F.3d 850, 853 (5th Cir. 1996). The nonmoving party cannot discharge its burden by alleging legal conclusions or unsubstantiated assertions, nor can it rest on the allegations of the pleadings. Instead, it must present affirmative evidence in order to demonstrate the existence of a genuine issue of material fact and defeat a motion for summary judgment supported by competent evidence. *Anderson*, 477 U.S. at 248–250; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). When the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id.* However, when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt the version of the facts for purposes of ruling on a motion for summary judgment. *Id.*

Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the nonmovant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). This burden cannot be met with "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871–73 (1990), "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). In the absence of proof, the court does

not assume that the nonmoving party could or would prove the necessary facts at a later point. *Little*, 37 F.3d at 1075.

Although a *pro se* plaintiff's pleadings are held to a less stringent pleading standard than those drafted by attorneys and are entitled to a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 521 (1972), they must still comply with the rules of civil procedure and make arguments capable of withstanding summary judgment. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

### III. Analysis

A. Official Capacity Claims

Plaintiff seeks monetary damages against the defendants in their individual and official capacity. His claims for monetary damages against the defendants in their official capacity are barred by the Eleventh Amendment and must be dismissed. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

B. Claims for Criminal Conspiracy

Plaintiff claims that the defendants are guilty of criminally conspiring against him, and asks that they be arrested for violating the Texas Penal Code. It is well established that "the Texas Penal Code does not create a private right of action." *See Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997); *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied). Likewise, there is no constitutional right to have another

individual criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Plaintiff's allegations do not raise a viable section 1983 claim for relief.

Defendants are entitled to summary judgment dismissal of plaintiff's claim against them for criminal conspiracy.

C. <u>First Amendment Claims</u>

Plaintiff complains in general terms that he was denied "the right to complain to higher officials." (Docket Entry No. 1, p. 23.) To the extent he is complaining that defendants Ramadan and Taylor failed to summon a supervisor upon his demand for "rank" during the shower incident, no viable section 1983 claim is raised. Neither the Supreme Court nor the Fifth Circuit Court of Appeals has recognized a constitutional right of prisoners to demand the presence of a supervising officer. Although plaintiff argues that the prison handbook states that inmates are allowed to request and speak to supervisors, a violation of this policy did not give rise to a First Amendment issue. The mere violation of prison rules or regulations does not give rise to a constitutional issue and is not actionable under section 1983. *Polk v. Stephens*, ___ F. App'x ___, 2018 WL 919924, *1 (5th Cir. 2018); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Further, plaintiff has no constitutional right to the satisfactory investigation or resolution of his prison administrative grievances. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). To any extent plaintiff complains that one or more of the defendants did not adequately investigate or resolve his grievances, no viable claim is stated.

For like reason, plaintiff's claim for injunctive relief as to an unconstitutional prison grievance system must be dismissed for failure to state a viable section 1983 claim. Prisoners have no constitutional right to a prison grievance system. *Minix v. Stoker*, 289 F. App'x 15, 17 (5th Cir. 2008) (per curiam); *see also Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995).

Plaintiff's allegations do not raise a viable section 1983 claim for relief under the First Amendment, and defendants are entitled to summary judgment dismissal of these claims.

D. Claims as to Defendant LaCox

Plaintiff claims that LaCox, a warden at the Estelle Unit, is liable in his individual capacity for the incidents made the basis of this lawsuit.

To state a section 1983 claim against a defendant in his individual capacity, a plaintiff must allege facts reflecting the defendant's participation in the alleged wrong, specifying the defendant's personal involvement. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). A supervisory official such as LaCox in this case cannot be held liable for the actions of his subordinates under any theory of vicarious liability. *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (holding that acts of subordinates do not trigger individual liability under section 1983 for supervisory officials). "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). Thus, a supervisor who is not personally involved is liable only if he has implemented "a policy so deficient that the policy itself is

a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

To establish a section 1983 claim for failure to failed to train or supervise, plaintiff must show "that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)(internal quotations omitted).

Plaintiff here presents no probative summary judgment evidence that LaCox was present during, or participated in, any of the events giving rise to his constitutional claims in this lawsuit. His allegations that LaCox did not adequately or competently investigate his grievances does not give rise to a viable claim, as a prisoner has no constitutional right in having grievances investigated or resolved in his favor. *See Geiger*, 404 F.3d at 373–74. Nor does plaintiff present probative summary judgment evidence that LaCox implemented an unconstitutional policy that causally resulted in his injury or that he failed to supervise or train the defendants. Consequently, plaintiff fails to establish a viable section 1983 claim against LaCox in his individual capacity, and the claims must be dismissed.

Defendants are entitled to summary judgment dismissal of plaintiff's claims against LaCox in his individual capacity.

E. <u>Claims for Deliberate Indifference</u>

Plaintiff complains that the defendants were deliberately indifferent to his serious medical needs following the use of force. Specifically, he alleges that the defendants told medical staff that he would not be brought to the infirmary.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the health and safety needs of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The *Farmer* Court defined the test for "deliberate indifference" as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. This standard "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted).

The deliberate indifference standard has both an objective and subjective component. A prisoner must show that the defendant was both aware of facts from which he could infer an excessive risk to the prisoner's health or safety, and that he actually inferred there was an excessive risk to prisoner safety. *Farmer*, 511 U.S. at 837. A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it." *Gobert*,

463 F.3d at 346. The failure of an officer to alleviate a significant risk which he should have perceived, but did not, does not constitute deliberate indifference. Moreover, "[m]edical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

Plaintiff admits that he was examined by a health care provider at his cell immediately after the incident, and that he was given medication for a high heart rate. Medical records submitted by defendants in support of their motion confirm that plaintiff was examined and treated immediately after the incident. (Docket Entry No. 26, Exhibit B, p. 5.) Entries in plaintiff's medical chart show that he was seen cell side following the use of force, and that he was observed to have a 1/2 centimeter cut below his right eye and a minor cut to the inner side of his right little finger. *Id.* No other injuries were voiced or noted. *Id.* His range of motion was noted as normal for both upper and lower extremities, and his respirations were reported as even and unlabored. *Id.* The chart states that orders were given for plaintiff to receive Lanoxin (digoxin). *Id.*, p. 6. An assessment was reported of "No adverse health effects from use of force." *Id.*, p. 27. Plaintiff admits that health care staff returned to check on him two or three times during the day. (Docket Entry No. 1, p. 14.) To the extent he claims no medication was provided for his pain, the medical records show that he had a standing medical order to take 600 milligram ibuprofen tablets twice daily on a "keep on person" ("KOP") basis. *Id.*, p. 3.

Plaintiff presents no probative summary judgment evidence showing that he sustained any injury or was denied any necessary treatment by not being taken to the infirmary. To the contrary, his medical records show that he was examined, treated, and monitored at his cell following the use of force. Moreover, he was transferred back to the Coffield Unit the next day, where any additional medical care became the responsibility of employees at that unit.

Plaintiff presents no probative evidence showing that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or acted in such a way as to demonstrate a wanton disregard for any serious medical needs. Plaintiff fails to raise a genuine issue of material fact as to the defendants' alleged deliberate indifference, and defendants are entitled to summary judgment dismissal of these claims.

## IV. Conclusion

Defendants' motion for partial summary judgment (Docket Entry No. 26) is **GRANTED** and the Court **ORDERS** as follows:

1. Plaintiff's claims for monetary damages against the defendants in their official capacity are **DISMISSED WITH PREJUDICE**.

2. Plaintiff's claims against the defendants for criminal conspiracy are **DISMISSED WITH PREJUDICE**.

3. Plaintiff's claims against the defendants for violation of his First Amendment rights are **DISMISSED WITH PREJUDICE**.

4. Plaintiff's claims against the defendants for deliberate indifference to his serious medical needs are **DISMISSED WITH PREJUDICE**.

5. Plaintiff's claims against defendant LaCox in his individual capacity are **DISMISSED WITH PREJUDICE**.

6. Plaintiff's claims against defendants Ramadan, Taylor, McClellan, and Pitcock for use of excessive force are **RETAINED** by the Court for further prosecution.

7. All dispositive motions as to plaintiff's claims for use of excessive force are due 60 days from date of this order.

8. This is an interlocutory order.

SIGNED at Houston, Texas on MAR 0 8 2018.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE