IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
DEC 23 2021
Nathan Ochsner, Clerk of Court

ROBERTO PEREZ, JR. §
PLAINTIFF PRO SE §
§
v. § Civ. No. 4:16-CV-00306
§ USCA5 20-20036
JAMES MCCLELLAN, SARGENT §
DEFENDENT IN HIS INDIVIDUAL
CAPACITIES

ARIJ RAMANDAN CORRECTIONAL
OFFICER, DEFENDANT IN HER
INDIVIDUAL CAPACITIES

AMBER TAYLOR, CORRECTIONAL
OFFICER, DEFENDANT IN HER
INDIVIDUAL CAPACITIES

JIM PITTCOCK, CORRECTIONAL
OFFICER, DEFENDANT IN HIS
INDIVIDUAL CAPACITIES

## THIRD AMENDED COMPLAINT AND JURY DEMAND

### I. JURISDICTION AND VENUE

1. This is a Civil Action Authorized by 42 U.S.C. § 1983, to redress the deprivations under the color of state law of rights secured by the Constitution of the United States. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

2. The Southern District for Texas, Houston Division is an appropriate venue because the events occurred in Walker County, Texas, that gave rise to these claims, as alleged in

-1-

this third AMENDED Complaint, under 28 U.S.C. § 1391 (b)(2);

## II. PLAINTIFF PRO SE

3. Plaintiff, ROBERTO PEREZ JR. #1189927, is at all times mentioned herein this complaint, is a prisoner in the TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION, Ellis Unit, 1697 FM 980, Huntsville, Texas 77433;

## III. DEFENDANTS ET AL.

4. Defendant, JAMES McCLELLAN, is a sargent of Corrections Officer, and employed for the TEXAS DEPARTMENT OF CRIMINAL JUSTICES, and can be reached at The Estelle Unit, 264 FM 3478, Huntsville, TEXAS 77320; (936)-191-4200; and at all times mentioned in this THIRD AMENDED COMPLAINT has held the rank of Sargent of Corrections; and is sued in his INDIVIDUAL CAPACITIES, for the violation of Plaintiff PEREZ's Civil rights under the Eighth Amendment, actions committed under the color of state law;

5. Defendant, ARIN RAMANDAN, is a CORRECTIONAL OFFICER for the TEXAS DEPARTMENT OF CRIMINAL JUSTICES, and can be reached at her work of employment Estelle Unit, 264 FM 3478, Huntsville, TEXAS 77320, (936)-191-4200; at all times mentioned in this THIRD AMENDED COMPLAINT, has held the rank of correctional officer; and she is sued in her INDIVIDUAL CAPACITIES, for the violation of Eighth Amendment civil rights, for her actions under the color of state law;

6. Defendant, AMBER TAYLOR, is a CORRECTIONAL OFFICER for the TEXAS DEPARTMENT OF CRIMINAL JUSTICE, AND may be reached at her employment the Estelle Unit 264 FM 3478, Huntsville, Texas 77320; (936)-191-4200; and at all times mentioned in this THIRD AMENDED COMPLAINT, has held the rank of correctional officer, AND is sued in her INDIVIDUAL CAPACITIES for violations of Plaintiff PEREZ's Eighth Amendment Rights for her actions under the color of state law;

7. Defendant, JIM PITTCOCK, is a CORRECTIONS OFFICER for the TEXAS DEPARTMENT OF CRIMINAL JUSTICE and can be reached at his place of employment, the Estelle Unit, 264 FM 3478; (936)-191-4200, Huntsville, Texas 77320; Defendant Pittcock at all times mentioned in this THIRD AMENDED COMPLAINT, has held the rank of correctional officer, and is sued in his INDIVIDUAL CAPACITIES for violation of PLAINTIFF PEREZ Eighth Amendment Rights, and his actions committed under the color of state law.

## IV. FACTS OF THE CASE

8. For the purpose of this Amended complaint, these Defendants named herein, are properly named, and is Amended as needed from the Original Complaint and Jury DEMAND, and the Allegations against them remain unchanged, insofar as allowed by law;

9. Also for the purpose of this complaint, it is pertinent to explain the circumstances; Plaintiff Perez on June 29, 2015, was taken to the Estelle Unit for a medical appointment at John Sealey Hospital in Galveston, Texas; Upon arrival, Plaintiff Perez was placed in the main building, transit/solitary area of the prison, cell 106;

10. Again for the purposes of this complaint, this area of the prison unit does not have video surveillance of any kind or type;

11. On the morning of June 30, 2015, no chain was called, and Plaintiff Perez later found out John Sealey appointments were canceled. Defendant Arij Ramandan ("Defendant Ramandan") escorted him to the one row shower. The shower was scalding hot, and Plaintiff Perez asked Defendant Ramandan if "she could lower down the hot water?" Ramandan said, "No. No one else was complaining;" according to her. Again, Plaintiff Perez asked, "If she could turn lower the hot water." Ramandan said, "No. Either shower or go back to your cell." Plaintiff Perez told her, "The water was too hot, that he could not get under it." Again this request to lower the hot water was denied.

12. Plaintiff Perez proceeded to ask Ramandan's co-worker Defendant Amber Taylor "Defendant Taylor" answered with an aggressive manner, "What?! What?! Plaintiff Perez asked if she "Could lower down the hot water?" Ramandan stepped in, and said, "No! We're not turning down the hot water!" Plaintiff Perez said, "Will you get

-4-

some Rank down here?" Defendant Ramandan became belligerent, and said, "No! No!! No! We're not getting rank either. We're not toeuing the hot water down! What the fuck are you going to do? Shower or get the fuck out!" Plaintiff Perez said, "Whoa! Whoa! He could not get under the water! Get rank down here!"

13. Immediately, Defendant Ramandan turned off the water and began snatching Plaintiff Perez clean clothes and the clothes Plaintiff Perez walked into the shower with, with the intent of leaving Plaintiff Perez in the shower nude. Plaintiff Perez grabbed his shorts at the same time as Ramandan, went into a brief tug-of-war, while at the same time reaching for her pepper spray and attempting to get Defendant Taylor to pepper spray the Plaintiff. After a count of three by Ramandan, Defendant Taylor hesitated and Defendant Ramandan left to call her co-worker Defendant Jim Pittcock "Defendant Pittcock"

14. While Plaintiff Perez waited on Ranking supervisor, Defendants returned with Defendant Pittcock and he ordered Plaintiff Perez out of the shower, which Plaintiff refused because he felt threatened by Defendants.

15. About five minutes or less, a sargent entered the the shower area, who Plaintiff now knows as James McClellan "Defendant McClellan."

-5-

16. Plaintiff Perez began to explain to Defendant McClellan what had just occurred with the shower, including Ramandan and Taylor. Defendant McClellan said, "Okay, let's go back to the cell." Plaintiff Perez submitted to hand restraints, and Defendant Pittcock approached the bars ~~xxxxxxxx~~ and placed the handcuffs on Plaintiff Perez's wrists until it cut off the blood circulation from his wrists causing him unnecessary pain and suffering. The shower door was opened and Plaintiff Perez was then ordered to turn around and step out of the shower backwards, which Plaintiff Perez complied. Upon stepping out of the shower, Defendant McClellan then said, "Go ahead and write a disciplinary report for staff assault." Addressing this to Defendant Ramandan, Plaintiff Perez said, "Hey! Wait a minute, I didn't assault nobody."

17. Plaintiff Perez began to walk back to his cell escorted by both Defendants Pittcock and McClellan. Upon reaching cells 104 and 105, Defendant McClellan began to grip and twist Plaintiff Perez's arm, causing him pain;

18. It is Plaintiff Perez's belief and he does believe, Defendant McClellan actions of twisting and painfully gripping his arm, was to cause Plaintiff Perez to pull away, or jerk away. This action would be used by security staff to justify their allegation for use of force in a report. Plaintiff Perez ignored the pain,

-6-

that he may just be placed in his assigned cell. Then when Plaintiff Perez did not act in conformity with Defendant McClellan's actions, Defendant McClellan began to yell, "Slow down! Slow down!"

19. Plaintiff Perez was neither walking fast or agressively. When Plaintiff Perez was (3) to (4) feet away from his cell, but in between cells 105 and 106 where other prisoners could not see, Defendant McClellan again began to yell, "He's resisting! He's resisting!" At that instant, Defendant Pittcock punched Plaintiff Perez on the side of the head with a closed fist, with such force, that knocked Plaintiff Perez to the ground, and nearly knocking him unconscious. Both Defendants began punching Plaintiff Perez with extreme force in the face and the sides of the head causing him extreme pain and suffering. Plaintiff Perez was handcuffed behind his back and unable to defend his self. Defendant McClellan began kneeing Plaintiff Perez's back and spine, over and over, right that Defendant Pittcock stopped punching Plaintiff Perez, and grabbed Plaintiff's hair and placed his face right up against Plaintiff Perez's face and said, "This is what you get when you fuck with us!" Defendant Pittcock then drove his finger into Plaintiff Perez's right eye and Defendant Pittcock began twisting his finger causing him extreme pain and suffering.

Defendant Pittcock then pulled his finger out, and put his face in Plaintiff's face and said, "You like that mother fucker?!" And proceeded to drive his pen into Plaintiff's right eye and began twisting the pen in Plaintiff's right eye socket causing him further pain and suffering;

20. At that exact moment, Plaintiff Perez felt another set of fists, little ones, in other words, unlike Defendants' McClellan and Pittcock who were still continuously punching Plaintiff, was punching Plaintiff Perez in the eye, very quickly, said person Plaintiff saw to be Defendant Ramandan; And yet another set of hands were pressing Plaintiff Perez's legs in a crisscross manner with extreme pressure, and then someone stomping his ankles and legs and knees, said person was Defendant Taylor. As he turned back, Plaintiff Perez saw Defendant Ramandan was to his right side, and we both looked at each other and she quickly moved away, and there was Defendant Taylor standing over him. And Defendant Pittcock began slamming Plaintiff Perez's head against the floor, and Defendant McClellan began slapping Plaintiff Perez to divert his attention from the two females and to humiliate him. Defendant Pittcock then began bending Plaintiff Perez's fingers backwards trying to break them causing further pain and suffering;

-8-

## V. EXHAUSTION OF REMEDIES

21. On or about July 02, 2015 Plaintiff Perez filed his Step 1 grievance No. 2015171300 in accordance with TDCJ Grievance Procedure. Christopher Lacox was warden at the Estelle Unit and provide Defendants McClellan, Pittcock, Ramandlan and Taylor with knowledge of Plaintiff Perez complaint. Lacox took no action. Immediately, a Step II was filed and denied September 11, 2015 by the Asst. Director.

## VI. LEGAL CLAIMS FOR RELIEF

COUNT 1: (AGAINST ALL DEFENDANTS) UNDER 42 U.S.C. §1983, UNDER THE COLOR OF STATE LAW, INFLICTION OF CRUEL AND UNUSUAL PUNISHMENT WITHOUT PROVOCATION IN VIOLATION EIGHTH AMENDMENT TO THE U.S. CONSTITUTION

22. Plaintiff Perez adopts and incorporates by reference paragraphs 8-20 p.p. 3-8 and Plaintiffs affidavit:

23. Defendant McClellan while acting under the color of state law did punch, slap, and kneed Plaintiff Perez's back maliciously and sadistically with the intent to cause Plaintiff Perez harm and injury in violation of the Eighth Amendment clause to be free from cruel and unusual punishment. Reference paragraphs 17-20, pp. 5-8;

24. Plaintiff Perez has suffered pain and suffering from headaches, backpain and humiliation from Defendant McClellan's unprovoked actions, including mental and emotional anguish;

-9-

25. Defendant Pittcock while acting under the color of state law did punch, attempted to gouge out Plaintiff Perez's right eye with finger and pen, and slammed Plaintiff Perez's head into the floor repeatedly maliciously and sadistically with the intent to cause Plaintiff Perez harm and injury in violation of the Eighth Amendment clause to be free from cruel and unusual punishment. Reference paragraphs 16-20; pp. 6-8

26. Plaintiff Perez has suffered pain and suffering from a swollen/black eye and loss of vision in his right eye, including headaches from the unprovoked actions, and mental and emotional anguish;

27. Defendant Ramandan while acting under the color of state law did punch Plaintiff Perez in the eye while her co-defendants slapped, punched, stomped and gouged Plaintiff Perez eye; the acts by Defendant Ramandan were committed maliciously and sadistically with the intent to cause Plaintiff Perez harm and injury in violation of the Eighth Amendment clause to be free from cruel and unusual punishment. Reference paragraphs 11-13, 16, 19 and 20; pp. 4-5, 6 and 8;

28. Plaintiff Perez has suffered pain and suffering from headaches and humiliation from Defendant Ramandau's unprovoked actions, including mental and emotional anguish;

29. Defendant Taylor while acting under the color of state law did stomp Plaintiff Perez's ankles, legs and knees maliciously and sadistically with the intent to cause Plaintiff Perez harm and injury in violation of the Eighth Amendment to be free from cruel and unusual punishment. Reference paragraph 20 p.8

30. Plaintiff Perez has suffered pain and suffering from Defendant Taylor's stomping ankles, legs and knees and humiliation, which is the approximate cause of Defendant Taylor's unprovoked actions; including mental and emotional anguish;

## V. PLAINTIFF PEREZ'S DAMAGES

31. As a direct and approximate result of the infliction of harm and injury caused by each Defendant and their actions caused together, Plaintiff Perez has suffered the following injuries and damages; incorporated by reference in this Amended Complaint. Reference paragraphs 18-20 pp.6-8

i. Mental, emotional anguish and humiliation;
ii. Physical vision impairment (loss of vision) in the past and future;
iii. Physical pain and suffering: Constant back pain, shoulders, arms, fingers, headaches, loss of strength in fingers
iv. Disfigurement of the inability to use full strength in his back and eye vision, past and future;

~~VIII~~. PLAINTIFF PEREZ PRAYS FOR RELIEF

32. For these reasons, Plaintiff Perez prays for judgment against each Defendant for the following:
1) Actual damages of the amount of $20,000.00 ~~$50,000.00~~ (against ALL DEFENDANTS) jointly and severally for violation of Plaintiff Perez Eighth Amendment rights
2) Punitive damages of the amount of $20,000.00 ~~$50,000.00~~ (against) ALL DEFENDANTS for the violation of Plaintiff Perez's Eighth Amendment rights, jointly and severally
3) Prejudgment and post judgment interest;
4) Costs of suit and court fees
5) All relief deemed appropriate and equitable by the court.

Respectfully submitted,

*Roberto Perez Jr.*
ROBERTO PEREZ, JR 1189927
Plaintiff pro se, Ellis Unit
1697 FM 980
Huntsville, Texas 77343

-12-

## PLAINTIFF PEREZ'S VERIFICATION AND CERTIFICATE OF SERVICE

I, ROBERTO PEREZ Jr. the Plaintiff pro se, do hereby certify and verify, that a true and correct copy of Plaintiff Perez THIRD AMENDED COMPLAINT to his Original Complaint and jury demand, is forward by U.S. Postal Service to the clerk for the United States District Court for the Southern District of Texas Mr. David J. Bendley clerk, and the attorney for Defendants Kelsey Warren, Assistant Attorney General of Texas, Law Enforcement Defense Division, P.O. Box 12548, Capitol Station, Austin 77811-0258 And is subjected to the penalties of perjury titled 28 U.S.C. § 1746, signed this 21 day of December, 2021

x Roberto Perez Jr.
ROBERTO PEREZ JR. 1189927
The Plaintiff pro se

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERTO PEREZ, JR.
The PLAINTIFF pro se

v.

JAMES MCCLELLAN, Sargent
THE DEFENDANTS et al.

Civ. No. 04:16-cv-0306
App. No. 20-20036

## PLAINTIFF PEREZ MOTION IN LIMINE

Before the voir dire examination of the jury panel, Plaintiff Roberto Perez Jr., makes this motion in Limine. Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Defendants McClellan, et al. injects those matters in this case through a party, an attorney, or witness, defendants will cause irreparable harm to Plaintiff's case that no jury instruction will cure. If any of these matters are directly or indirectly brought to the attention of the jury, Plaintiff will be compelled to move for a mistrial. In an effort to avoid prejudice and possible mistrial, Plaintiff makes this motion in Limine.

### A. GROUNDS

Plaintiff asks the Court to prohibit Defendants from offering any of the following matters without first asking for a ruling from the Court outside the jury's presence, on the admissibility of the matter.

-1-

1. Any evidence, statement, or argument of Plaintiff criminal history or his disciplinary history of crimes, wrongs, or acts to prove Plaintiff's character to show that on June 30, 2015 Plaintiff acted in accordance with his character. See Fed. R. Evid. 404 (a)(1) & (b)(1). Huddleston v. U.S., 485 U.S. 681, 691-92 [1988]

AGREED! YES or NO

B. Conclusion

2. For these reasons, Plaintiff asks the Court to instruct Defendants all Attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any matter or manner, either directly or indirectly, any of these matters without first obtaining the permission of the court outside the presence and hearing of the jury. And to instruct the Defendants and all attorneys to warn and caution each of their witnesses to follow the same instructions.

Respectfully Submitted,
x Roberto Perez Jr
ROBERTO PEREZ JR. 1189927
The Plaintiff pro se
Ellis Unit
1697 FM 980
Huntsville, TX 77343

CC
The Office of the Attorney General
of Texas
C/o Kelsey L. Warren, Asst. A.G.
Law Enforcement Defense Division
P.O. Box 12548
Capitol Station
Austin, TX 78711-02548

Certificate of Service

I, ROBERTO PEREZ, JR. the Plaintiff pro se, do hereby verify and certify that a true and correct copy subject to 28 U.S.C. § 1746 has been forwarded to Counsel for Defense and Clerk for U.S. District Court on this 21 day of December, 2021

x Roberto Perez Jr
The Plaintiff pro se

-2-

Order In Limine

After considering Plaintiff Perez motion in limine and the response. The Court orders McClellan et al., counsel for Defendants, and all witnesses call on behalf of Defendants to refrain from any mention or interrogation, directly or indirectly, including offering documentary evidence, about any of the following matters without first requesting and obtaining a ruling from the Court, outside the presence and hearing of all prospective jurors and jurors ultimately selected in this case, on the admissibility of the matter.

1. Any evidence that Plaintiff was convicted of any crime.

   AGREED           GRANTED          DENIED

2. Any evidence of Plaintiff's disciplinary record in TDCJ.

   AGREED           GRANTED          DENIED

Signed this _____ day of _____, 2021

US DISTRICT COURT JUDGE

-3-

## CONSENT TO ALLOW PLAINTIFF PEREZ TO FILE THIRD AMENDED COMPLAINT AND JURY DEMAND

To all remaining Defendants James McClellan, Arii Ramandan, Amber Taylor, Jim Pittcock consent to allow Plaintiff ROBERTO PEREZ, JR. leave to file his THIRD AMENDED COMPLAINT AND JURY DEMAND. This is a suit under 42 U.S.C. §1983 Civil Rights Eighth Amendment prohibition of cruel and unusual punishment, use of Excessive force. The District Court has not set up deadlines, the decision from the fifth Circuit allows the filing of the THIRD AMENDED COMPLAINT AND JURY DEMAND. For those reasons allowances is consented to.

CC
THE OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
Kelsey L. Warren, Asst. A.G.
DEFENDANTS
JAMES MCCLELLAN, Sargent
Arii Ramandan, Correctional Officer
Amber Taylor, Correctional Officer
Jim Pittcock, Correctional Officer
LAW ENFORCEMENT DEFENSE
DIVISION
P.O. Box 12548
Capitol Station
Austin, Texas 78711-02548

RESPECTFULLY SUBMITTED,

x Roberto Perez Jr.
ROBERTO PEREZ, JR. 1189727
The Plaintiff pro se
Ellis Unit
1697 FM 980
Huntsville, Tx 77343

ORDER ON PLAINTIFF PEREZ MOTION FOR LEAVE
TO FILE AMENDED PLEADING

After considering Plaintiff Perez's motion for leave to file a THIRD AMENDED COMPLAINT AND JURY DEMAND and the response, the Court
    DENIED the motion
    GRANTS the motion and allows the THIRD AMENDED COMPLAINT AND JURY DEMAND

Signed on _____, 2021

_____
U.S. DISTRICT COURT JUDGE