IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERTO PEREZ, JR.,** § | | |
| *Plaintiff,* § | | |
| § | | |
| § | **CIVIL ACTION NO.: 4:16-cv-00306** | |
| V. § | **JURY DEMANDED** | |
| § | | |
| § | | |
| **BRAD LIVINGSTON, et al.** § | | |
| *Defendants,* § | | |

## MEMORANDUM OF LAW

Plaintiff Perez files this memorandum of law pursuant to the Joint Pretrial Order and the contested issues of law.

Plaintiff and Defendants dispute the applicability of qualified immunity in this case. Qualified immunity is something determined long before trial, as the Court has done here. *McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 2000) ("[Q]ualified immunity ordinarily should be decided by the court long before trial ...").

Notably, the Fifth Circuit previously evaluated the issue of qualified immunity in this matter and issued an Order finding that Defendants were not entitled to qualified immunity. *See* Dkt. 81. Specifically, the Fifth Circuit held:

> orders to return to his cell when they punched him, gouged his eye, and twisted his fingers. All reasonable officials in these circumstances would have known that this conduct violated Perez's Eight Amendment rights.[26] Because the defendants were on notice at the time of the incident that their conduct violated clearly established law, they are not entitled to qualified immunity.
>
> ### IV.
>
> We REVERSE and REMAND the district court's grant of summary judgment as to Perez's excessive force claims against defendants Ramadan, Taylor, McClellan, and Pitcock.

*See* Dkt. 81, P. 9.

Defendants are not entitled to qualified immunity in this case. Qualified immunity requires a bifurcated analysis: first, a court must determine "whether the plaintiff has alleged a violation of a clearly established right." *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999). If so, the court then asks "whether the defendant's conduct was objectively reasonable." *Id.*

The judicial inquiry for Perez's claim is "whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Courts analyzed five factors identified in Hudson to determine whether an inmate's Eighth Amendment Right was violated. *Id*. at 7.

As previously decided by the Fifth Circuit in this case, Perez provided competent evidence that each of the Hudson factors weighs in Perez's favor and that the Defendants violated clearly established law, i.e. prison officials my not use gratuitous force against a prisoner who has already been subdued. *See* Dkt, 81, P. 7-9; citing *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001). The Fifth Circuit also held that "All reasonable officials in these circumstances would have known that this conduct violated Perez's Eight Amendment rights." *Id*. Finally, the Fifth Circuit

provided, "Because the Defendants were on notice at the time of the incident that their conduct violated clearly established law, they are not entitled to qualified immunity." *Id*.

Accordingly, Plaintiff respectfully requests that this Court deny Defendants' request for qualified immunity in this case.